IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT C. BURROW, on Behalf of Himself and Others Similarly Situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>SYBARIS CLUBS INTERNATIONAL, INC., RANDALL D. REPKE, and CHARLENE FARRELL,<br><br>                  Defendants. | Case No. 13 C 2342<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Defendants' Motion to Dismiss. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

Plaintiff Robert C. Burrow (hereinafter, "Burrow") brought a class-action lawsuit against Defendants Sybaris Clubs International, Inc. ("Sybaris"), Randall D. Repke, and Charlene Farrell (the "Defendants") on March 28, 2013. As alleged in the Complaint, Sybaris is a chain of five motel suites that cater to customers looking for a romantic paradise. Sybaris employed Burrow as a reservation desk clerk from March 2004 through May 2007 and from April 2008 through May 2013. Burrow's position at Sybaris required him to take calls from the reservation line as well as check in guests. Given the nature of Sybaris' business,

those phone calls often included discussion of intimate, personal, or confidential information.

In 2011, Defendants installed a new telephone system, known as a ShoreTel Sky System. The new system routed all incoming calls through a central processer and allowed Sybaris management and other employees to listen live to customer and employee conversations. In addition, the system recorded all calls made by or to the reservation desk at each Sybaris location. The recordings were saved on computer servers and could be accessed through a web interface.

Sybaris did not inform its employees of the new recording telephone system, and most found out about it through speaking with managers or work gossip. Burrow first learned of the new phone system at least a month after it was installed. He alleges that, during that time, he received personal and work-related phone calls while he was working the reservation desk.

The Complaint alleges that Defendants invaded his right of seclusion and violated the Federal Wiretap Act, the Illinois Eavesdropping Statute, the Indiana Wiretap Act, and the Wisconsin Wiretap Act. Burrow alleges that his rights of privacy and the rights of other callers or employees who made phone calls from work were violated when Sybaris installed the new recording system and did not inform employees or customers. Defendants responded by moving to dismiss under Rule 12(b)(6).

## II. LEGAL STANDARD

A Motion to Dismiss under Rule 12(b)(6) requires the Court to analyze the legal sufficiency of the complaint, not the factual merits of the case. *Autry v. Nw. Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). The complaint must do more than recite the elements of a violation; it must plead with sufficient particularity so that the right to relief is more than a mere conjecture. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## III. ANALYSIS

### A. The Federal Wiretap Act – Count I

Plaintiff claims that Defendants violated the Federal Wiretap Act by using Sybaris' telephone system to record Burrow's oral communications without his knowledge or consent. The Federal Wiretap Act imposes liability on anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). "Intercept" is defined as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18. U.S.C. § 2510(4).

Defendants assert that their behavior is protected by what is known as the "business extension exception." The exception is available if Defendants can establish that (1) the recording device used was a "telephone or telegraph instrument" furnished by a "provider of wire or electronic communication service in the ordinary course of its business" (the "device" prong); and (2) Defendants used the device "in the ordinary course of [their] business" (the "ordinary course of business" prong). 18 U.S.C. § 2510(5)(a)(I).

A device is a "telephone or telegraph instrument" if it furthers the use of or enhances the telecommunications system functionally. *Sanders v. Robert Bosch Corp.,* 38 F.3d 736, 740-41 (4th Cir. 1994). The exception does not apply to "apparatuses capable of tapping a telephone or wire or otherwise seizing a communication," because the exception is designed to "exclude the mere use of an ordinary telephone in its ordinary manner to place or receive a call." *United States v. Chiavola,* 744 F.2d 1271, 1275 (7th Cir. 1984).

Plaintiff alleges that the Defendants installed a ShoreTel Sky phone system and configured it intentionally to record automatically all incoming and outgoing phone calls. Compl. ¶ 10. The system did not record the conversations on the device; rather, it was linked to computer servers and archived in a system separate from the telephone itself. Additionally, the

recordings were available on a web interface to be freely listened to and sent between management and employees. The facts alleged in the Complaint show that Defendants used a recording system that did not further the use of the telephone.

The weight of authority holds that recording systems are not covered by the exception. *See, Williams v. Poulos,* 11 F.3d 271, 280 (1st Cir. 1993) (collecting cases). As in *Sanders*, recording of phone calls "in no way furthers [Defendant's] communication system," and the exception's first prong is not met. *Id.* Based on the facts alleged in the Complaint, the exception does not apply, and Plaintiff's claim for relief under the Federal Wiretap Act is plausible. Defendant's Motion to Dismiss Count I is denied.

### B. Illinois Eavesdropping – Count II

Count II relies on Illinois's eavesdropping statute, 720 Ill. Comp. Stat. 5/14-1, *et. seq.* Recently, the Seventh Circuit held the statute unconstitutional as applied to bystander recording of police conversations. *See, ACLU v. Alvarez,* 679 F.3d 583, 608 (7th Cir. 2012). In *Alvarez,* the Court held that the First Amendment protected the Plaintiff's right to record openly police officers performing their official duties in public. *Id.* The Court stressed that the Plaintiff sought to

record, and thus preserve, conversations that any bystander within earshot could have overheard. *Id.* at 605.

First, Defendants appear to argue that the reasoning in *Alvarez* applies to this case, and thus the statute is unconstitutional as applied to the Defendant. But this case involves secret recording of private and confidential conversations, not open and obvious recording of conversations that occur in public. And this case does not implicate the same concerns about public officials performing official duties. To put it simply, the First Amendment does not entitle Defendants to eavesdrop on private conversations.

Next, Defendants assert that the entire statute is unconstitutional because the offending portions cannot be severed. "The inquiry into whether a statute is severable is essentially an inquiry into legislative intent." *Minnesota v. Mille Lacs Band of Chippewa Indians,* 526 U.S. 172, 191 (1999). "Unless it is evident that the legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law." *Id.* Courts consider whether the balance of the legislation, after the unconstitutional portion is removed, "is capable of functioning independently." *Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 684 (1987).

The Illinois Supreme Court has explained that the eavesdropping statute "was enacted to protect the individual from the interception of communication intended to be private." *People v. Beardsley,* 503 N.E.2d 346, 349 (Ill. 1986). *Alvarez* focused on what were essentially public communications. *Alvarez,* 679 F.3d at 605. Because the application found invalid involved what were essentially public communications, there is no reason why the statute cannot function independently of the limitation imposed by the Seventh Circuit and restrict interception of private speech. Indeed, it is a basic principle of constitutional law that "a statute may be invalid as applied to one state of facts and yet valid as applied to another." *Ayotte v. Planned Parenthood of N. New England,* 546 U.S. 320, 329 (2006). Given the legislature's focus on protecting private communications, it is evident that "the legislature [would] have preferred what is left of its statute to no statute at all." *Id.* Defendant's Motion to Dismiss Count II is denied.

### C. Indiana and Wisconsin Claims – Counts III and IV

Plaintiff's class-action complaint seeks relief under the Indiana and Wisconsin Wiretap laws. Although Plaintiff is not a resident of either state and did not suffer any injury in either state, he asserts that potential class members may have suffered injuries under those laws. Defendants counter that Plaintiff

lacks standing to bring a claim under Indiana and Wisconsin law for the absent plaintiffs.

This Court must be sure of its jurisdiction before proceeding to the merits of the case. *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 831 (1999). But the Supreme Court has instructed that class certification issues are "logically antecedent" to Article III concerns, and thus may be resolved first. *Id.* Thus, it is routine for Courts in this District to determine "the name plaintiff['s] capacity to represent individuals from other states" before resolving standing concerns. *In re Aftermarket Filters Antitrust Litig.,* No. 08-C-4883, 2009 WL 3754041, at *5 (N.D. Ill. Nov. 5, 2009). Therefore, the Motion to Dismiss Counts III and IV based on lack of standing is denied.

### D. Intrusion upon Seclusion – Count V

To state a claim for intrusion upon seclusion, a plaintiff must plead four elements: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is offensive or objectionable to a reasonable person; (3) the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Johnson v. K Mart Corp.*, 723 N.E.2d 1192, 1195-96 (Ill. Ct. App. 2000).

The Complaint alleges facts that support all four elements. Plaintiff did not consent to the recording of his phone calls. Compl. ¶ 12. Plaintiff pled that he received both work and

personal phone class that were recorded without his consent. *Id.* Thus, Plaintiff may be able to prove the second and third elements: that the intrusion was offensive, and that the matter was private. Finally, Plaintiff has alleged that the intrusion caused anguish and suffering. *Id.* at ¶ 57. These allegations are sufficient to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests. *Twombly,* 550 U.S. at 555. The Motion to Dismiss Count V is denied.

### III. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss [ECF No. 14] is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court

Date: 11/8/2013